## Case No. 12,528a.

### SCOTT v. DOE.

[Hempst. 275.] 1

Superior Court, Territory of Arkansas. July, 1835.

DEEDS—RECORDING ACTS — COMPLIANCE — FILING FOR RECORD—CONSTRUCTIVE NOTICE.

1. The statute (Terr. Dig. Ark. 134) requires conveyances affecting lands to be recorded in the county where the lands lie within three months from the date thereof; otherwise, to be void as against subsequent purchasers who shall record their deeds in that time.

2. The requisition is that a deed shall be recorded, and mere filing for record is not equivalent to it, nor a compliance with the law. The deed must be actually recorded in a record book within three months.

3. A deed recorded is constructive notice only from the time it was actually recorded by being transcribed into the record book.

Appeal from Hempstead circuit court.

Before JOHNSON and YELL, JJ.

JOHNSON, J. This is an appeal by the defendant in an action of ejectment from a judgment in favor of the plaintiff. On the trial, the plaintiff, to prove his title, produced in evidence a patent from the United States to William Hickman, a deed from Hickman to Hardin Wilson, and the record of a judgment and execution against him, together with a deed from the sheriff to the plaintiff Peter T. Hickman, bearing date on the 12th of April, 1832, and acknowledged and recorded on the 14th of the same month, for the land in controversy, purporting to be made to him as the purchaser at the sale under the execution; to the admission of which, as evidence, no objection was made. The defendant, Scott, then produced in court a deed from the said Hardin Wilson to his daughter Artemisia Wilson, for the land in controversy, bearing date on the 7th of October, 1830, with the following indorsements thereon:

"Arkansas Territory, Hempstead County, sct. Be it remembered, that on the 7th day of October, A. D. 1830, Hardin Wilson personally appeared before me, Allen M. Oakley, an acting justice of the peace, and acknowledged the foregoing deed to be his act and hand and seal, for the purposes and uses therein mentioned and contained. Given under my hand and seal this 23d day of April, 1832. Allen M. Oakley, J. P. (Seal.)"

"Territory of Arkansas, County of Hempstead, sct. I, Allen M. Oakley, clerk of the circuit court, and ex officio recorder for the county aforesaid, do hereby certify that the annexed and foregoing instrument of writing was filed for record, in my office, on the 23d day of April, A. D. 1832, and the same is now duly recorded in Record Book B, pages 439, 440. In testimony whereof, I have hereunto set my hand and affixed the seal of my office, at Washington, the 23d day of April, 1832, and of the independence of the United States the 56th year. Allen M. Oakley, Clerk and Ex Officio Recorder."

"Filed 7th October, 1830. A. M. Oakley, Clerk."

"F. W. Scott this day appeared and requested this deed to be recorded. Filed 23d April, 1832. A. M. Oakley, Clerk."

And the defendant also adduced the said Allen M. Oakley as a witness, who, being sworn, stated that the deed from Hardin Wilson to Artemisia Wilson, was produced to him in

___

1 [Reported by Samuel H. Hempstead, Esq.]

his office, by Hardin Wilson, to be recorded, on the 7th day of October, 1830, which then and there he marked "Filed," with his official signature, and that some short time afterwards Hardin Wilson asked him if the deed had been recorded, to which he replied in the negative, and that Hardin Wilson then said he, the witness, need not record the deed, and that by reason of this direction he did not record the deed at that time, and he believed the deed remained in his office on file until the 23d of April, 1832, when the defendant, Scott, requested the deed to be recorded, and thereupon he recorded the deed, and that he drew his pen in manner and form as certified by him on the deed, and that he drew his pen across the indorsement, "Filed 7th October, 1830. A. M. Oakley, Clerk." But whether it was when requested by Scott to record the deed, or when told by Hardin Wilson that he need not record it, he did not recollect, and thereupon the defendant offered the deed in evidence to the jury; to the reading of which the plaintiff objected, which objection was sustained by the court, and the deed rejected.

The only question presented for the consideration of the court is, whether the court below erred in rejecting the deed adduced as evidence on the part of the defendant. Our statute requiring deeds to be recorded, provides that all deeds, conveyances, bonds, and other obligations for lands, tenements, or hereditaments hereafter made and proven or acknowledged before any competent authority shall be recorded in the county in which the lands are situate, within three months from the date thereof, or the same shall be void against subsequent purchasers, so recording the said deeds within the time prescribed by this section. Geyer, Dig. 129. The plaintiff occupied the attitude of both creditor and purchaser, and the deed under which he claimed was duly recorded within three months from its date. The deed offered by the defendant was not recorded within three months from its date, and not until the plaintiff's deed was recorded. According to the plain and express provision of the statute, the deed offered by the defendant was void against a subsequent purchaser duly recording his deed, not having been recorded within three months from its date, and the plaintiff being a subsequent purchaser, and having recorded his deed in due time, it was null and void against him. It is insisted, however, that it was filed with the proper officer for record on the day of its date, and although not in fact recorded until more than twelve months had elapsed, it was equally valid to all intents and purposes as if it had been recorded within the time prescribed by law. It is a sufficient answer to this argument, that the statute requires the deed to be recorded, or the same shall be void against subsequent purchasers. The filing it for record and transcribing it into the record book, are different and distinct acts. The reason and object of the law, in requiring a deed to be recorded, is to afford notice to creditors and subsequent purchasers, to enable them to guard against fraud. The filing of a deed for record is not as well calculated to give that notice as if it were recorded in the record book. The purchaser is not referred by the law to the clerk, but to the records made by him, in order to ascertain whether a sale or conveyance has been made. We have no hesitation in declaring that the bare filing of a deed for record is not a substantial compliance with the statute, unless it is actually recorded within three months from its date.

It has been further contended that the filing of the deed for record was sufficient evidence to authorize a jury to presume that subsequent purchasers had notice of the deed. We cannot yield our assent to this proposition. Notice is of two kinds, actual and constructive. It cannot be contended that the filing of the deed for record with Oakley was actual notice to Hickman of the existence of the deed, or that it conduced in the slightest degree to prove notice to him unless he was required by law to inquire of the clerk for deeds filed with him for record. Hickman was required to make no such inquiry, neither can the filing the deed for record operate as constructive notice. Nothing less than the actual recording of the deed, can make it operate as notice by construction of law. We think the court below correctly excluded the deed from being read as evidence. Judgment affirmed.